UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-60317-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS A. GUERRIERO,

    Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Thomas A. Guerriero's ("Defendant") Motion for Reconsideration, ECF No. [564] (the "Motion"), filed on November 29, 2021. The Government filed its Response, ECF No. [565], and the Defendant did not file a reply. The Court has carefully reviewed the Motion and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

On November 15, 2021, the Court denied Defendant's Motion for Compassionate Release, ECF No. [554], finding that Defendant failed to demonstrate extraordinary and compelling reasons based upon his underlying health conditions or any other reason to support his request for compassionate release. *See* ECF No. [563] ("Order"). In the instant Motion, Defendant requests that the Court reconsider the Order. First, Defendant contends that *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) does not foreclose his argument that restricting the First Step Act's authority to the BOP to define "other reasons" for a reduction in sentence constitutes an improper sub-delegation of authority. Second, Defendant argues that the Court may properly determine that

"other reasons" exist because numerous memoranda from BOP staff reflect the BOP's position that compassionate release is warranted in this case.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).

Upon review, the Motion must be denied because Defendant fails to set forth a basis under any of the three grounds warranting reconsideration. The Motion amounts to no more than

disagreement with the Court's reasoning and ultimate conclusions in the Order, which is not a proper basis for reconsideration. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). Defendant simply raises the same arguments put forth in his original Motion for Compassionate Release, ECF No. [554]. Those arguments were considered and rejected in the Court's Order.

Accordingly, Defendant's Motion, **ECF No. [564]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 24, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record